FILED ___ LODGED
___ RECEIVED

MAY 07 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> TAMARA CLEVENGER, <br> Defendant. | NO. CR25-5102 TMC <br><br> **PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorney Amanda McDowell of the Western District of Washington and Tamara Clevenger and her attorney Rebecca Fish enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B).

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

Plea Agreement - 1
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information.

    a. Wire Fraud, as charged in Count 1, in violation of Title 18, United States Code, Section 1343.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty are as follows:

    a. The elements of Wire Fraud, as charged in Count 1, are as follows:

> *First*, the defendant knowingly participated in, devised, or intended to devise, a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts;
>
> *Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;
>
> *Third*, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and
>
> *Fourth*, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

4. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

Plea Agreement - 2
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a. For the offense of Wire Fraud, as charged in Count 1: A maximum term of imprisonment of up to 20 years, a fine of up to $250,000.00, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to 5 years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is

Plea Agreement - 3
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

Plea Agreement - 4
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

Plea Agreement - 5
*United States v. Clevenger*, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

    a. ***Clevenger's Embezzlement from her Employer:*** Between 2012 and 2022, Defendant Tamara Clevenger was employed as the Clerk-Treasurer for the City of Morton in Lewis County, Washington.

    b. As Clerk-Treasurer, Clevenger was responsible for handling the City's bank deposits, reconciling and recording payments in the City's accounting system, and was an authorized signer on City checks.

    c. Between 2013 and 2021, Clevenger knowingly and with the intent to defraud carried out a scheme to defraud the City of Morton by using her position as Clerk-Treasurer to fraudulently convert the City's funds to her own.

    d. In total, Clevenger stole at least $937,584 of the City's funds, which she deposited into her personal bank account and/or used for her personal use, including funding her gambling habits.

    e. Clevenger carried out her embezzlement scheme by stealing the City's cash and providing herself with fraudulent disbursements using City funds.

    f. As to the theft of cash, Clevenger stole over $300,000 of customer cash payments made to the City by residents and taxpayers. To conceal the theft, Clevenger secretly pocketed the City's cash and then wrote checks from the City to the City in the amount of the cash she stole in order to reconcile the City's accounting records. Clevenger then cashed the unauthorized check into the City's bank account to conceal her fraud.

    g. Clevenger also stole City cash by making unauthorized withdrawals from her City-issued ATM card.

Plea Agreement - 6
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

h. As to the fraudulent disbursements, Clevenger wrote unauthorized City checks to herself and then deposited the checks into her personal bank account. To conceal her theft, Clevenger reported the check in the City's accounting records as a payment being made to a City vendor, including by creating fake vendor invoices to substantiate the payments.

i. *Use of Interstate Wires:* Clevenger used interstate wires in the course of her fraud. For example, when Clevenger stole cash payments made to the City, she would write and deposit City checks in the amount of the stolen cash and deposit the checks into the City's bank account at Umpqua Bank. These deposits caused interstate wire transmissions that originated in the Western District of Washington and traveled to servers maintained by Umpqua outside of Washington. One such incident occurred on February 27, 2021, when Clevenger initiated a wire transmission originating in Morton, Washington and terminating outside of Washington, causing a transfer of $5,808.94 into the City's bank account.

j. By the foregoing conduct, Clevenger, with intent to defraud, devised and executed a scheme and artifice to defraud by means of materially false and fraudulent pretenses and representations. Clevenger used, and caused to be used, interstate wire transmissions in furtherance of the scheme to defraud.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of 7, pursuant to U.S.S.G. § 2B1.1(a)(1);

    b. A 14-level enhancement, pursuant to U.S.S.G. § 2B1.1(b)(1)(H),

Plea Agreement - 7
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

because the loss amount was greater than $550,000;

        c.     A two-level enhancement, pursuant to U.S.S.G. § 2B1.1(b)(10)(C) because the offense involved sophisticated means; and

        d.     A two-level enhancement, pursuant to U.S.S.G. § 3B1.3, because the offense involved an abuse of trust.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Zero-Point Offender Eligibility.** Defendant may be eligible for a sentencing adjustment pursuant to the Zero-Point Offender provisions at USSG § 4C1.1(a)(1)-(10). If, at the time of sentencing, the United States is satisfied Defendant has met each of the ten requirements, the United States will recommend a two-level reduction to Defendant's sentencing calculation pursuant to USSG § 4C1.1(a). Defendant understands, however, that the Court will ultimately decide whether Defendant qualifies as a Zero-Point Offender.

13. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the

Plea Agreement - 8
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of 36 months. Defendant is free to make any recommendation permitted by law. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

14. **Restitution.** Defendant shall make restitution to the City of Morton, or any insurer that has reimbursed the City for a portion of the stolen funds, in the amount of at least $937,584 with credit for any amounts already paid, which the parties agree should include $8,626 in ATM deposits.

    a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

    b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation

Plea Agreement - 9
*United States v. Clevenger*, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview, and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

   c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

  15. **Forfeiture of Assets**. Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, which constitutes, or is derived from, proceeds traceable to the offense of Wire Fraud, as charged in Count 1 of the Information. All such property is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and includes, but is not limited to, a judgment for a sum of money (also known as a forfeiture money

Plea Agreement - 10
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

judgment) in the amount of $937,584, representing the proceeds that Defendant obtained from the scheme.

Defendant understands and acknowledges that any property forfeited will be separate and distinct from any restitution that is ordered in this case. The United States also agrees that the amount Defendant pays toward restitution will be credited against this forfeited sum.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees she will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes proceeds, or was derived from proceeds, of Defendant's commission of Wire Fraud, as charged in Count 1.

16. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

17. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea

Plea Agreement - 11
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

18. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such

Plea Agreement - 12
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

19. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from

Plea Agreement - 13
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

20. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

21. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

22. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Plea Agreement - 14
United States v. Clevenger, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Dated this 7th day of May, 2025.

*(signature)*
TAMARA CLEVENGER
Defendant

*(signature)*
REBECCA FISH
Attorney for Defendant

*(signature)*
SETH WILKINSON
Assistant United States Attorney

*(signature)*
AMANDA MCDOWELL
Assistant United States Attorney

Plea Agreement - 15
*United States v. Clevenger*, CR2024R01095

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800